

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXRD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 21, 1939

Hon. Shelburne H. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. O-370
Re: Would a foreign corporation with
principal office in X County be prohib-
ited from registering its motor vehicles
in Y County under the provisions of
Article 6675a-2, R.C.S.?

You request an opinion as to whether or not a foreign corporation
with its legal residence in X County is prohibited from registering its
trucks that are used principally in Y County.

Your attention is directed to Article 6675a-2, R.C.S. of Texas
as follows:

"Every owner of a motor vehicle, trailer, or
semi-trailer used or to be used upon the public
highways of this State, and each chauffeur, shall
apply each year to the State Highway Department
through the county tax collector of the County in
which he resides for the registration of each such
vehicle owned or controlled by him . . ."

Article 6686(a) R.C.S. of Texas, provides as follows:

"All registration fees shall be paid in the
county in which the owner lives at the time of reg-
istration of said motor vehicle."

Now, prior to the passing and taking effect of the above quoted
Article 6675a-2, R.C.S. of Texas, Article 6675, now repealed, provided that
the owner could pay registration fees at "the office of the county tax col-
lector of the county in which he resides or in which the vehicle to be
registered is being operated." Thus, the amendment of Article 6675 left
out the last underscored clause and Article 6675a-10, R.C.S. of Texas,
further amendment to Article 6675, repealed, provided that all counties
will be permitted to retain all registration fees up to the amount of
$50,000.00. These provisions by amendment clearly require the owners
of vehicles to register their vehicles in the counties where the owners

reside; and, if a county tax assessor and collector receives a license fee for registration from an owner of legal residence in a county other than the assessor and collector's county, he exceeds his authority and commits an illegal act. Further, if an owner is permitted to pay registration fees in a county other than his legal residence, that county receives and appropriates those fees which the Legislature intended to belong to the county of the owner's residence.

However, Article 827b-a, Penal Code of Texas, permits non-residents of the State of Texas to pay license fees, "through a county tax collector," which rule will apply in any event, where the legal residence has not been established in a Texas county.

You are referred to the following citations which constitute all ofnthe Texas case law relative to your question:

Opp v. State, 94 SW 180
Miller v. Foard County, 59 SW (2d) 277
Cass County v. Morris County, 9 SW 373

Therefore, it is our opinion and you are so advised that a foreign corporation having its legal residence in X County cannot register motor vehicles owned by it in any county of Texas other than X County.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    /s/ Pat Coon

Pat Coon
Assistant

PC:AW:egw

APPROVED:

/s/ GERALD C. MANN

ATTORNEY GENERAL OF TEXAS